**Pervez & Rehman, P.C.**
68 South Service Road, Suite 100
Melville, NY 11747
Telephone: 631-427-0700
Fax: 631-824-9020
Email:  info@pervezrehman.com


*Attorneys for Plaintiff and the*
*putative FLSA Collective and Class*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Lorenzo Morales, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**East End Alliance Corporation d/b/a Golden Pear Café and Keith Davis, Individually,**<br><br>**Defendant.** | Index No: 21-CV-1075<br><br>**CLASS & COLLECTIVE**<br><br>**ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff **LORENZO MORALES** ("Plaintiff" or "Morales"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1. Plaintiff was not paid overtime premiums for hours worked over forty (40) in a given workweek.

2. Plaintiff brings this action to recover unpaid overtime premium pay owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq*. Plaintiff also brings claims for unpaid spread-of-hours premiums, and for failure to provide proper wage notices and wage statements pursuant to NYLL §§ 190 *et seq*. and the supporting regulations.

3. Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated employees of Defendants and his NYLL claims on behalf of himself and a Federal Rule of Civil Procedure 23 class of all non-management employees working for Defendants in New York during the six (6) year period preceding the filing of this complaint.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. On March 20, 2020, New York Governor Andrew M. Cuomo signed Executive Order 202.8 in an effort to stem the spread of COVID-19, which tolls for thirty (30) days "any specific

time limit[s] for the commencement, filing, or service of any legal action, notice, motion or other process or proceeding" under any New York State laws or court procedural rules. The thirty (30)-day tolling period began on March 20, 2020 and continued until April 19, 2020. On April 7, 2020, Governor Cuomo signed Executive Order 202.14, which extended the tolling period to May 7, 2020. Subsequently, on May 7, 2020, Governor Cuomo issued Executive Order 202.28, tolling all statutes of limitations for an additional thirty (30) days through June 6, 2020. On June 6, 2020, Governor Cuomo issued Executive Order 202.38, tolling all statutes of limitations until July 6, 2020. On July 7, 2020, Governor Cuomo issued Executive Order 202.48 tolling all statutes of limitations until August 5, 2020. On August 5, 2020, Governor Cuomo issued Executive Order 202.55, which tolled all statutes of limitations until September 4, 2020. On September 4, 2020, Governor Cuomo signed Executive Order 202.60, which extended the tolling period an additional thirty (30) days to October 4, 2020. On October 4, 2020, Governor Cuomo issued Executive Order 202.67, which extended the tolling period to November 3, 2020. In total, the Executive Orders set forth herein provided for a toll of two hundred and twenty-eight (228) days.

## **THE PARTIES**

**Plaintiff:**

8. Lorenzo Morales was, at all relevant times, an adult individual residing in 42 Wards Path, Hampton Bays, NY 11946.

9. Throughout the relevant time period, Plaintiff performed work for East End Alliance Corporation d/b/a Gold Pear Café ("Gold Pear" or "Corporate Defendant") and Keith Davis ("Davis" or "Individual Defendant") (collectively, "Defendants") located at 99 Main Street, Southampton, NY 11968.

3

10. Plaintiff consents in writing to be party to this action, pursuant to 29 U.S.C. § 216(b), and his consent form is attached hereto.

**Defendants:**

11. East End Alliance Corporation. is an active New York corporation doing business as "Golden Pear Cafe" with principal places of business at 99 Main Street, Southampton, NY 11968; 34 Newton Lane, East Hampton, NY 11937; and 2426 Montauk Highway, Bridgehampton, NY 11932.

12. East End Alliance Corporation d/b/a Gold Pear Cafe is hereinafter referred to collectively as "Golden Pear" or the "Corporate Defendant."

13. Defendant Keith Davis is the owner and operator of the Corporate Defendant.

14. The Individual Defendant maintains operational control over the Corporate Defendant by instructing employees throughout their daily shifts, determining the wages and compensation of employees, establishing the schedule of employees, maintaining employee records, and through possessing the authority to hire and fire employees, including Plaintiff.

15. The Individual Defendant participated in the day-to-day operations of the Corporate Defendant and acted intentionally in his direction and control of Plaintiff and the Defendants' other similarly situated employees, and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendant.

16. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.SC. §§ 206(a) and 207(a).

17. At all relevant times, Defendants employed, and/or continue to jointly employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

18. At all relevant times, Plaintiff, the opt-in Plaintiff and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

19. Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.00.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

20. Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff brings her First and Second Causes of Action as a collective action under the FLSA on behalf of herself and the following collective: All persons employed by Defendants at any time since March 1, 2018 and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management employees at East End Alliance Corporation d/b/a Gold Pear Cafe (the "Collective Action Members").

21. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay overtime premiums for work performed in excess of forty (40) hours each week. As a result of these policies, Plaintiff and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of forty (40) hours per week.

22. Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to similar, if not the same, payment structure.

**FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS**

23.  Pursuant to the NYLL, Plaintiff bring their First Cause of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class:

All persons employed by Defendants in New York at any time since November 2, 2015 and through the entry of judgment in this case (the "Class Period") who worked as non-management employees East End Alliance Corporation d/b/a Gold Pear Cafe (the "Class Members").

24. <u>The Class Members are readily ascertainable</u>. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

25.  <u>The Class Members are so numerous that joinder of all members is impracticable</u>.

26. Upon information and belief, there are in excess of forty (40) Class Members.

27. <u>The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class</u>. These common questions include, but are not limited to:

a. whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b. whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

c. whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

d. whether Defendants failed to pay Plaintiff and the Class Members an extra hour of minimum wage when working shifts or split shifts in excess of ten (10) hours;

e. whether Defendants failed to provide Plaintiff and the Class Members with a proper statement of wages with every wage payment as required by the NYLL; g. whether Defendants failed to provide proper wage notice to Plaintiff and Class Members at the beginning of their employment and/or on February 1 of each year and/or when their wage rate(s) changed, as required by the NYLL;

f. whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

g. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

28. <u>Plaintiff' claims are typical of the Class Members' claims</u>. Plaintiff, like all Class Members, are restaurants employees of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiff, like all Class Members, were, *inter alia*, were not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, were not paid spread-of-hours premiums when working a shift and/or split shift of ten (10) or more hours, did not receive proper wage statements and wage notices.

29. If Defendants are liable to Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

30. <u>Plaintiff and his Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover his own damages.

31. Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

32. <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

33.  Defendants are sophisticated parties with substantial resources. The individual Plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

34.  The individual members of the Class have no interest or capacity to bring separate actions; Plaintiff are unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## **STATEMENT OF FACTS**

**Corporate Defendant**

35. Upon information and belief, at all relevant times Golden Pear has been open for service at the 99 Main Street, Southampton, NY 11968 location ("Southampton Location") Monday through Sunday from 6:30 a.m. until 5:00 p.m.; at the 34 Newton Lane, East Hampton, NY 11937 (East Hampton Location") Monday through Sunday from 6:30 a.m. until 4:30 p.m.; and at the 2426 Montauk Highway, Bridgehampton, NY 11932 ("Bridgehampton Location") Monday through Sunday from 6:30 a.m. until 4:30 p.m.

36. Upon information and belief, the Individual Defendant has owned and operated Corporate Defendant since April 15, 1985.

37. Upon information and belief, Corporate Defendant was registered with the New York State Department of State, Division of Corporations on April 15, 1985.

38. Upon information and belief, the Individual Defendant is a constant presence at the Southampton Location and is actively engaged in supervising employees and the management of the Corporate Defendant's business.

39. Upon information and belief, at all times relevant, the Individual Defendant has exercised his authority over payroll and personnel decisions at Golden Pear, including the power to hire and fire employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

**Plaintiff' Work for Defendants**

40. Plaintiff Morales was employed by Defendants at Golden Pear from on or about October 20, 1999 through on or about November 2, 2018 (the "Morales Employment Period").

41. Defendants hired Plaintiff Morales initially as a caterer. Morales' duties as caterer included the preparation of the entire menu for private events.

42. Defendants paid Morales $10.75 per hour as a caterer.

43. As a caterer, Morales worked from 6:00 a.m. until 6:00 p.m. on Mondays, Tuesdays, Thursdays, and Sundays. Morales also worked from 6:00 a.m. until 9:00 p.m. on Fridays and Saturdays. Defendants failed to provide Morales with scheduled and adequate breaks during each of his shifts.

44. Morales then worked as a food preparer. Morales' duties as a food preparer were to prepare the food that the chef needed to cook, such as salads, soups, and cold cuts.

45. Defendant paid Morales $10.75 per hour as a preparer.

46. Morales' duties as a sous-chef from when he was first hired until on or about 1999 until on or about November 2, 2018 included preparing food for cooking.

47. Further, upon information and belief, Morales did not supervise employees. Morales could not hire or fire employees.

48. Morales worked at the Southampton Location for the entirety of his employment.

49. Defendants failed to provide Morales with regular breaks.

50. During the winter months, Morales worked approximately 50 hours per week. During the summer months, Morales worked approximately 70 hours per week. Defendants paid Morales a flat fee only for 40 hours of work.

51. Seven days a week, Morales would clock in at 6:00 a.m. and would clock out at 4:00 p.m. or 5:00 p.m., but Morales would continue to work until, at latest, 10:00 p.m.

52. Beginning in or around June 1, 2015 until in or around 2019, Defendants paid Morales $19 per hour. But, when Defendants realized that Morales was working more approximately 50-55 hours per week, Defendants decided to pay Morales a salary.

53. From June 1, 2015, Defendants paid Morales a salary/flat fee. From June 1 until Labor Day of each year from 2015 until 2018, Defendants paid Morales $1,500 per week. Beginning the day after Labor Day until May, 30 of each year from 2015 until 2018, Defendants paid Morales $1,250 per week but did not pay for overtime hours.

54. From May 15, 2017 through September 19, 2017, Defendants increased Morales' salary to $1,237.50.

55. Defendants provided Morales with five (5) weeks of vacation time and two (2) days of sick time per year. But Defendants deducted the vacation and sick time from Morales' paystubs even if Morales did not use the vacation or sick time.

56. In 2018, Morales used no vacation time.

57. Despite the fact that she regularly worked in excess of forty (40) hours in a given workweek, Plaintiff Morales was never paid overtime premiums equal to one and one-half (1.5) times his regular rate for hours worked over 40.

58. Despite that fact that he worked shifts in excess of ten (10) hours, Plaintiff Morales was never paid spread-of-hours premiums equal to an additional hour of minimum wage for such days.

**Defendants' Unlawful Corporate Policies**

59. Plaintiff and the Class Members were all paid pursuant to the same corporate policies of Defendants, including failing to pay overtime premiums and spread of-hours premiums.

60. Plaintiff have spoken with other employees of Defendants who were similarly not paid overtime premiums for hours worked over forty (40) each week. Defendants' failure to pay Plaintiff overtime premiums is a corporate policy of Defendants which applies to all of their non-management employees throughout the Class Period.

61. Defendants' failure to pay Plaintiff spread-of-hours premiums for days in which Plaintiff worked a shift or a split shift for a spread of more than ten (10) hours is a corporate policy which applies to all of their non-management employees throughout the Class Period.

62. Defendants have not provided Plaintiff or Class Members with proper statement of wages containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

63. Defendants have not provided Plaintiff or Class Members with proper wage notices at the time of hire or by February 1 of each year or when their wage rate(s) changed.

64. Throughout the Class Period and, upon information and belief, continuing until today, Defendants have likewise employed other individuals like Plaintiff in positions that require little skill and no capital investment.

65. Upon information and belief, such individuals were not provided spread-of-hours premiums while working shifts in excess of ten (10) hours, nor were they provided with wage notices at hiring, by February 1 of each year, or when their wage rate(s) changed, or proper wage statements with their wage payments on a weekly basis.

66. Upon information and belief, throughout the Class Period and continuing until today, defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

## FIRST CAUSE OF ACTION

## <u>FAIR LABOR STANDARDS ACT – UNPAID OVERTIME</u>

### (Brought on Behalf of Plaintiff and the Collective Action Members)

67. Plaintiff, on behalf of herself and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

68. Defendants misclassified Plaintiff and the Collective Action Members as exempt from the overtime provisions of the FLSA and failed to pay them overtime for hours worked in excess of 40 in a workweek.

69. By failing to pay Plaintiff and the Collective Action Members overtime at a rate not less than one and one-half (1.5) times their regular rate of pay for work performed in excess of 40 hours

per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

70.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

71. Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**<u>NEW YORK LABOR LAW – UNPAID OVERTIME</u>**
**(Brought on Behalf of Plaintiff and the Class Members)**

72. Plaintiff, on behalf of herself and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

73. Defendants misclassified Plaintiff and the Collective Action Members as exempt from the overtime provisions of the NYLL and failed to pay them overtime for hours worked in excess of 40 in a workweek.

74. Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

75. Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are

entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## THIRD CAUSE OF ACTION

## NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS

### (Brought on Behalf of Plaintiff and the Class Members)

76. Plaintiff, on behalf of herself and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

77. Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the applicable minimum wage in all instances where the Class Members worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

78. Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## FOURTH CAUSE OF ACTION

## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICES

### (Brought on Behalf of Plaintiff and the Class Members)

79. Plaintiff, on behalf of herself and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

80. Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195(1), in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff' and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

81. Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workday that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq*., reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## **FIFTH CAUSE OF ACTION**

## **NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS**

**(Brought on Behalf of Plaintiff and the Class Members)**

82. Plaintiff, on behalf of herself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

83. Defendants have willfully failed to supply Plaintiff and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

84. Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250.00) per employee for each day that the violations occurred or continue to occur, or a total of five thousand dollars ($5,000.00) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

### **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to

Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and their counsel to represent the Collective Action Members;

b.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and their counsel to represent the Class;

c.   An order tolling the statute of limitations;

d.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.  An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.   An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.  An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten hours;

i.  An award of fifty dollars ($50.00) per Plaintiff and each of the Class Members for each work week that the violations of NYLL, Article 6 § 195 (1) occurred or continue to occur, up to a

maximum of five thousand ($5,000.00) per plaintiff and each of the class members as provided for by NYLL, Article 6 198(1)-b;

j.  An award of two hundred and fifty dollars ($250.00) per Plaintiff and each of the Members for each day that the violations of NYLL, Article 6 § 195(3) occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d

k.  An award of prejudgment and post-judgment interest;

l.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.  Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff deem a trial by jury on all questions of fax raised by the complaint.

Dated: Melville, New York

March 1, 2021

Respectfully Submitted,

By:___/s/Aneeba Rehman_____
**Pervez & Rehman, P.C.**
68 South Service Road, Suite 100
Melville, NY 11747
Telephone: 631-427-0700
Fax: 631-824-9020
Email: info@pervezrehman.com

*Attorneys for Plaintiff and the*

*putative FLSA Collective and Class*

## CONSENT TO BECOME PARTY PLANTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of **East End Alliance Corporation d/b/a Golden Pear Café and Keith Davis** and/ or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees, and/or affiliates to pay me overtime wages and minimum wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as a representative plaintiff in this action to make decisions on behalf of all other Plaintiff concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pervez & Rehman, P.C. without prepayment of costs or attorneys' fee. I understand that if Plaintiff are successful, cost expanded by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received for the defendants or approximately 1/3 of my total settlement or judgment amount (including fees), whichever is greater.

| | |
|---|---|
| _Lordelleg Morales_ | _Lorenzo Morales_ |
| **SIGNATURE** | **PRINTED NAME** |

## CONSENTIMIENTO PARA SER PARTIDO PLANTIFF

Con mi firma a continuación, autorizo por la presente la presentación y el enjuiciamiento de reclamaciones en mi nombre y en mi nombre para impugnar el fracaso de **East End Alliance Corporation d/b/a Golden Pear Café and Keith Davis** y/ o de sus respectivos propietarios, empresas afiliadas, subsidiarias, contratistas, directores, funcionarios, franquiciados, y/o afiliados para pagarme salarios de horas extras y salarios mínimos como requerido bajo la ley estatal y/o federal, y también autorizar la presentación de este consentimiento en la acción o acciones que impugnan tal conducta. Autorizo ser nombrado demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes con respecto al litigio, el método y la manera de conducir este litigio, la firma de un acuerdo con el abogado del demandante con respecto a los honorarios y costos de abogado, y todos los demás asuntos relacionados con esta demanda. Entiendo que me representaré por Pervez & Rehman, P.C. sin pago previo de los costos o honorarios de abogados. Entiendo que si los demandantes tienen éxito, el costo ampliado por los abogados en mi nombre se deducirá de mi acuerdo o juicio primero. Entiendo que mis abogados pueden solicitar a la corte una adjudicación de honorarios y costos que serán pagados por los acusados en mi nombre. Entiendo que los honorarios retenidos por los abogados serán la cantidad recibida por los acusados o aproximadamente 1/3 de mi monto total de liquidación o sentencia (incluyendo honorarios), lo que sea mayor.

| | |
|---|---|
| _Lordelleg Morales_ | _Lorenzo Morales_ |
| **FRIMA** | **NOMBRE ESCRITO** |

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

**Lorenzo Morales, Individually and on Behalf of All Others Similarly Situated,**

**Plaintiff,**

-against-

**East End Alliance Corporation d/b/a Golden Pear Café and Keith Davis, Individually,**

**Defendant.**

**VERIFICATION**

STATE OF NEW YORK    )

                          ss.:

COUNTY OF SUFFOLK    )

I, LORENZO MORALES, am the Plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof. The contents are true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
LORENZO MORALES

Sworn to before me on this 29ᵗʰ day of January, 2021.

_____
Notary Public

URSULA RODRIGUEZ
Notary Public, State of New York
No. 01RO6276375
Qualified in Suffolk County
Commission Expires 02/19/2025

20

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF NEW YORK

Lorenzo Morales, Individually and on Behalf of All Others Similarly Situated,

                              Plaintiff,

-against-

East End Alliance Corporation d/b/a Golden Pear Café and Keith Davis, Individually,

I, *Ursula Rodriguez*, hereby declare under penalty of perjury that I am fluent in both English and Spanish, and that I translated the foregoing Verified Complaint for Lorenzo Morales, on _1/29/2021_. I read through the Complaint with him and her verified the information therein.

Dated: *Riverhead*, New York

January 29th, 2021